IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES G. ANDERSON,

                Petitioner,

v.                                                        OPINION and ORDER

ANN MORAN, Director,                                22-cv-389-jdp
Sand Ridge Secure Treatment Center,

                Respondent[1].

---

Charles G. Anderson is 80 years old and is confined at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, under a civil commitment order entered pursuant to the state's sexually violent persons law, Wis. Stat. ch. 980.[2] He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He asks for immediate release. His petition is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Anderson is not entitled to relief.

Although he alludes to other grounds for relief, Anderson's primary concern is that the State and the Portage County Circuit Court agreed in July 2020 that he should be released, yet he remains in custody with no lawyer and "with no hearing date scheduled." Dkt. 1, at 1. This is a sequel to a petition that Anderson filed last year that was dismissed on the ground

---

[1]Although the petition lists the Wisconsin Department of Health Services and the Portage County Circuit Court as respondents, I have substituted the official having custody over petitioner, Sand Ridge Director Ann Moran, as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases.

[2]Records of Anderson's state-court proceedings in Portage County case number 2005CI0004 are available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov/.

that he had not yet exhausted his state court remedies. *Anderson v. Portage Cty. Corp. Counsel*, 21-cv-359-bbc. In that petition, Anderson alleged that the court had signed the parties' stipulated plan for his supervised release in July 2020, but a newly-assigned circuit court judge was refusing to uphold that order. This court found that Anderson had not exhausted his state court remedies or shown those remedies to be unavailable or ineffective, noting in a reconsideration order that he had a hearing scheduled for September 23, 2021. Dkt. 5 in the '359 case.

A review of the state court docket shows that after the September 23, 2021 hearing, the new judge presiding over Anderson's Chapter 980 case did vacate the July 2020 stipulation signed by her predecessor. Portage County Case Number 2005CI000004, 10/22/21 and 12/27/21 docket entries. Although the judge's reasons are not clear from the docket sheet, it appears she had concerns about the propriety of the previous judge's order. *See id.*, text summary of 9/23/21 Hrg. But in May 2022, the Department of Health Services filed a new petition for Anderson's discharge, which is scheduled for jury trial on January 25, 2023. The record also shows that Anderson continues to be represented by Attorney Charles Glynn, who has been representing him since April 2020. So Anderson's claim that he does "not have a court date or an available lawyer" is incorrect.

The Seventh Circuit has assumed that inexcusable delay in processing a direct appeal from a criminal conviction may violate due process. *Allen v. Duckworth*, 6 F.3d 458, 459 (7th Cir. 1993). But I am not aware of any case extending this assumption to delays in processing a discharge petition under a state's sexually violent persons law. In any case, there is nothing in the petition or the state court record to suggest that the delays in Anderson's case are "inexcusable." And even if they were, Anderson must give Wisconsin the chance to correct its

errors before coming to federal court. 28 U.S.C. § 2254(b)(1)(A) (habeas petitioner must exhaust state court remedies before seeking federal relief). He admits in his petition that he has not appealed the judge's decision to vacate the July 2020 order. A federal court may excuse the exhaustion requirement if state remedies are absent or ineffective, § 2254(b)(1)(B), but Anderson fails to show that Wisconsin's appellate courts cannot effectively protect his rights.

Anderson is understandably frustrated. But as this court has advised him before, he cannot simply "opt out of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). If he believes the circuit court erred in vacating the July 2020 order or has delayed inexcusably, then he must seek relief from the Wisconsin Court of Appeals. But he is probably just as likely to get the relief he is seeking at his January 2023 trial.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

For the reasons stated, reasonable jurists would not debate the decision that Anderson has failed to exhaust his state remedies. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Charles G. Anderson's petition for a writ of habeas corpus is DISMISSED without prejudice for his failure to exhaust his state court remedies. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered October 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge